SLR:LDM/TH:CSK
F.#2009R00611

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ALEXANDER BROMBERG,

        Defendant.

- - - - - - - - - - - - - - - - -X

CONSENT
ORDER OF FORFEITURE

09 CR 272 (ENV)

      WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of any property constituting or derived from the gross proceeds traceable to the commission of defendant, ALEXANDER BROMBERG's violation of Title 18 U.S.C. §§ 1347, 1349; and/or substitute assets of the defendant, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b);

      WHEREAS, on February 10 2012, the defendant, entered a plea agreement with the United States, and agreed, *inter alia*, to plead guilty to Count One of the above-captioned indictment charging him with a violation of 18 U.S.C. § 1349, to wit conspiring to defraud the Medicare health care benefit program; and

      WHEREAS, the defendant, as part of his plea agreement with the United States, has agreed to the entry of an Order of Forfeiture against the defendant in the amount of Ninety Thousand Dollars ($90,000.00) in U.S. currency (the "Forfeiture Money Judgment"), to be paid on or before May 1, 2012 or two weeks before sentencing whichever occurs first, and for which he is liable,

pursuant to 18 U.S.C. § 982(a)(7), as property which constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of 18 U.S.C. § 1349 and/or as substitute assets, pursuant to 21 U.S.C. § 853(p), which statute is incorporated by reference in 18 U.S.C. § 982(b); and

WHEREAS, by virtue of the Defendant having pled guilty and waived all his constitutional, legal and equitable defenses and rights to the forfeiture allegations of the indictment, the United States is now entitled to the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 982(a)(7), 982(b), 21 U.S.C. § 853(p), and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. A Forfeiture Money Judgment in the amount of $90,000.00 in United States currency is hereby entered in favor of the United States and against the defendant as a result of his violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 982(a)(7), as property which constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of 18 U.S.C. § 1349 and/or as substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

2. All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United Marshal's Service, and shall be due on or before May 1, 2012 (the "Due Date") or two weeks prior to the date of sentencing, whichever

occurs first. The defendant shall cause said check to be hand-delivered to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check. Interest on any unpaid balance of the Forfeiture Money Judgment shall begin to accrue after the Due Date at the rate of interest set forth in Title 18, United States Code, Section 3612(f)(2).

3. The Forfeiture Money Judgment represents monies that constitute, or are derived from, property that the defendant obtained, directly or indirectly, from gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or as substitute assets.

4. Defendant shall remain liable to pay the Forfeiture Money Judgment to the United States. The failure of the defendant to forfeit any monies and/or properties as required under his plea agreement and this Order, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his plea agreement. In such circumstances, the government shall be relieved of its obligations under the plea agreement; however, said breach shall not relieve the defendant of his obligations under the plea agreement, and the government may bring additional criminal charges against the defendant.

5.      The defendant has knowingly and voluntarily waived his right to any required notice concerning the forfeiture of the assets and monies forfeited hereunder, including notice set forth in an indictment or information.  In addition, the defendant has knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the assets and monies forfeited hereunder, and waives all constitutional, legal and equitable defenses to the forfeiture of said assets, including, but not limited to, any defenses based on principles of double jeopardy, the ex post facto clause of the constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6.      The forfeiture of the above sum of money is not to be considered a fine or a payment on any income taxes that may be due.

7.      Defendant shall complete and submit under oath a Financial Disclosure Statement no later than May 1, 2012. The defendant agrees that a failure to disclose assets on the Financial Statement constitutes a material breach of his agreement. Defendant shall forfeit to the United States all assets in which he has an interest, but failed to disclose on the Financial Statement, if any.  Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant has knowingly and voluntarily waived his right to any required notice concerning the forfeiture of said assets.  The defendant

shall execute any documents necessary to effectuate the forfeiture of said assets.

8. Pursuant to Fed. R. Crim. P. 32.2(b), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

11. The United States Marshals Service shall take all steps necessary to dispose of the Forfeited Money Judgment and all Forfeited Assets in accordance with applicable laws and regulations.

12. The Clerk of Court shall forward three certified copies of this order to the U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, Att: Claire S. Kedeshian, Assistant U.S. Attorney.

Dated: Brooklyn, New York
       February 24, 2012

SO ORDERED:

s/ ENV

HONORABLE ERIC N. VITALIANO
United States District Judge
Eastern District of New York